# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-2047V

SHARON DIANE COVERT, as
personal representative of ESTATE OF
JACK COVERT,

                      Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                      Respondent.

Chief Special Master Corcoran

Filed: May 9, 2024

*Eric Glen Zajac, Zajac & Padilla, LLC, Ardmore, PA, for Petitioner.*

*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On October 20, 2021, Sharon Diane Covert, as the wife and personal representative of the estate of Jack Covert, ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that Jack Covert suffered Guillain-Barré Syndrome ("GBS") and death, a defined Table injury or caused-in-fact injury, after receiving an influenza ("flu") vaccine on October 31, 2018. Petition at 1 ¶¶ 3, 19, 21. Petitioner also alleged that Mr. Covert received the flu vaccine within the United States, that Mr. Covert

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

suffered death and the residual effects of his GBS illness for more than six months, and that neither Petitioner nor any other party has filed a civil action or received compensation for Mr. Covert's injury, alleged as vaccine-related. *Id.* at ¶¶ 3, 20-23. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 17, 2023, Respondent filed his Rule 4(c) Report in which he concedes that Petitioner is entitled to compensation in this case for Mr. Covert's GBS illness only. Respondent's Rule 4(c) Report at 1. Specifically, Respondent believes "that [P]etitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and Qualifications and Aids to Interpretation ("QAI")." *Id.* at 11. He maintains, however, that Petitioner's claim related to Mr. Covert's death should be dismissed. *Id.* at 1.

In a response, filed on October 13, 2023, Petitioner states that she "does not object to Respondent's position that Petitioner is entitled to compensation for Mr. Covert's GBS Table Injury . . . but clarifies that the dismissal of the death claim is because the evidence is insufficient to meet the burden of proof that Petitioner's death was caused by the vaccine." ECF No 24. In email correspondence, Petitioner's counsel confirmed that Petitioner had no objection to a ruling on entitlement finding only Mr. Covert's GBS illness to be vaccine-related. *See* Informal Remark, dated May 7, 2024.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master