# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2047V
Filed: October 17, 2025

|  |
|---|
| SHARON DIANE COVERT, *as personal representative of* ESTATE OF JACK COVERT,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. |

*Eric Glen Zajac, Zajac & Padilla, LLC, Ardmore, PA, for petitioner.*
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON JOINT STIPULATION[1]

On October 20, 2021, petitioner filed a petition on behalf of her deceased husband, Jack Covert, for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act"). Petitioner alleges that Mr. Covert suffered from Guillain-Barré Syndrome ("GBS") as a result of his October 30, 2018 influenza ("flu") vaccination.[3] Amended Petition at 1; Stipulation, filed October 17, 2025, at ¶¶ 1-2. Petitioner further alleges that Mr. Covert experienced the residual effects or complications of his condition for more than six months, that there

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The petition also sought compensation for Mr. Covert's death, which petitioner alleged was "caused-in-fact by complications of his October 30, 2018 trivalent influenza vaccine." Amended Petition at 1, 4. However, respondent filed a Rule 4(c) Report, conceding entitlement for Mr. Covert's GBS only (ECF No. 23, p. 1), and petitioner did not object to a ruling on entitlement based solely on Mr. Covert's GBS Table Injury (ECF No. 24, p. 1; ECF No. 26, p. 2; 2024 WL 3026913).

has been no prior award or settlement of a civil action for damages as a result of his condition, and that his vaccine was administered in the United States. Amended Petition at 2, 4; Stipulation at ¶¶ 3, 5, 7.

On October 17, 2025, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. Specifically, the parties stipulate that "Mr. Covert sustained the first symptom or manifestation of the onset of Guillain Barré Syndrome ('GBS') within the time period set forth in the Table," that "[t]here is not a preponderance of evidence demonstrating that Mr. Covert's GBS is due to a factor unrelated to his October 30, 2018 flu vaccination," and that "petitioner, as legal representative of Mr. Covert's estate, is entitled to compensation under the terms of the Vaccine program." Stipulation at ¶¶ 4, 6, 8. I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award the following compensation:**

> **A lump sum of $190,000.00, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt distribution to petitioner as legal representative of the estate of Jack Covert.** Stipulation at ¶ 9. This amount represents compensation for all damages that would be available under § 15(a). *Id.*

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                                <u>s/Daniel T. Horner</u>
                                                Daniel T. Horner
                                                Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

*****************************************

| | |
|---|---|
| SHARON DIANE COVERT as Personal, Representative of the Estate of JACK COVERT, deceased | * * * |
| Petitioner, | * * |
| v. | * * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * |
| Respondent. | * |

No. 21-2047V

**Special Master Horner**

*****************************************

## STIPULATION

The parties hereby stipulate to the following matters:

1. Sharon Diane Covert ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), on behalf of her deceased husband, Jack Covert ("Mr. Covert").[1] The petition seeks compensation for injuries allegedly related to Mr. Covert's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a). While the petition also sought compensation for Mr. Covert's death, that claim was dismissed on May 9, 2024.

2. Mr. Covert received a flu immunization on October 30, 2018.

3. The vaccine was administered within the United States.

4. Mr. Covert sustained the first symptom or manifestation of the onset of Guillain Barré Syndrome ("GBS") within the time period set forth in the Table.

---

[1] Petitioner filed an amended petition on June 1, 2022, correcting the date Mr. Covert received the flu vaccination, but that filing did not add any new claims.

5. Mr. Covert suffered the residual effects or complications of his GBS for more than six months after his vaccination.

6. There is not a preponderance of the evidence demonstrating that Mr. Covert's GBS is due to a factor unrelated to his October 30, 2018 flu vaccination.

7. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. Covert's behalf as a result of his condition.

8. Accordingly, petitioner, as legal representative of Mr. Covert's estate, is entitled to compensation under the terms of the Vaccine program. Therefore a decision should be entered awarding the compensation described in paragraph 9 of this Stipulation.

9. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> A lump sum of **$190,000.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt distribution to petitioner as legal representative of the estate of Jack Covert.

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

10. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

11. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

12. Payments made pursuant to paragraph 9 and any amounts awarded pursuant to paragraph 10 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

13. Petitioner represents that petitioner presently is duly authorized to serve as the legal representative of Mr. Covert's estate under the laws of the State of Pennsylvania. If petitioner is no longer authorized by a court of competent jurisdiction to serve as legal representative of the estate of Jack Covert at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of Jack Covert upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 9 and 10, petitioner, in her individual capacity, and as legal representative of the estate of Jack Covert, on petitioner's own behalf, and on the behalf of the estate and Mr. Covert's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or

could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Covert resulting from, or alleged to have resulted from a flu vaccination administered on October 30, 2018, as alleged in a petition for vaccine compensation filed on or about October 20, 2021, and an amended petition filed on or about June 1, 2022, in the United States Court of Federal Claims as case No. 21-2047V.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 10 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. All rights and obligations of petitioner shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative of the estate of Jack Covert.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*/s/ Sharon Diane Covert*
SHARON DIANE COVERT

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Eric G. Zajac*
ERIC G. ZAJAC
Zajac & Padilla, LLC
32 Parking Plaza, Suite 401
Ardmore, Pa 19033
Tel: (215) 575-7615

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2025.08.19 08:41:39 -04'00'
for
CPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
Compensation Programs
Health Systems Bureau
Health Resources and Services
Administration
U.S. Department of Health
and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Debra A. Filteau Begley by Heather L. Pearlman*
DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4181
Email: debra.begley@usdoj.gov

Dated: ~~Aug 29, 2025~~ 10/17/2025

5